IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **MELVIN BANKS, on behalf of himself and All Others Similarly Situated**,<br><br>Plaintiff,<br><br>v.<br><br>**CENTRAL REFRIGERATED SERVICES, INC., a Utah Corporation**,<br><br>Defendant. | ORDER<br><br>Case No. 2:16-cv-00356-DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

WHEREAS, Plaintiff[1] Melvin Banks, on behalf of himself and the other Class Members in this action styled *Melvin Banks v. Central Refrigerated Services, Inc.* ("Central"), Case No. 2:16-cv-00356 (D. Utah) (the "Civil Action") and Central have entered into a Stipulation of Settlement, filed on November 27, 2017 (the "Stipulation") (Doc. 95-1), after lengthy arms-length settlement discussions and mediation;

AND WHEREAS, the Court previously appointed Melvin Banks as the Class Representative, appointed Matthew A. Dooley and Ronald Ady to represent the class certified below and in its order dated May 2, 2017 (Doc. 87):

> All natural persons throughout the United States who: (1) applied remotely for a truck driver position with Central, (2) were the subject of a consumer report created by HireRight or DriverFACTS procured by Central from March 19, 2010 through January 31, 2014, (3) had no face-to-face interaction with Central prior to Central's procurement of the consumer report, and (4) against whom Central took adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice within 3 business days of taking adverse action that the consumer may request a free copy of the report and may

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement.

dispute with the consumer reporting agency the accuracy and completeness of the report.

AND, WHEREAS, the Court has received and considered the parties' Stipulation;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Civil Action (Doc. 95), and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.	The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation subject to further consideration at the Fairness Hearing described below.

2.	Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on March 1st at 2 p.m. in the Courtroom of Judge Kimball, United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101 for the following purposes:

    a.	determining whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

    b.	considering the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided in the Stipulation;

      c.      considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

      d.      considering whether the release by the Class Members of the Released Claims as set forth in the Stipulation should be provided; and

      e.      ruling upon such other matters as the Court may deem just and appropriate

3.      The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

4.      The Parties may further modify the Stipulation prior to the Fairness Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

5.      Class Members must file and serve any objections to the proposed settlement not later than 30 days after distribution of the Class Notices, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

6.      All papers in support of the Settlement and any application for an award of attorney fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least ten (10) days prior to the Fairness Hearing.

7.      The Court approves, as to form and content, the proposed Notice of Class Action Settlement, which is attached as Exhibit A to the Stipulation.

8.      Within 60 days of this Order, Class Counsel shall cause the Class Notice to be sent to each Class Member by first-class United States Mail.

9.      The Court finds that the distribution of the Class Notice substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Court approves Kurtzman Carson Consultants, LLC to administer the settlement ("Settlement Administrator"). The Settlement Administrator shall cause the dissemination of the Class Notices and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

11. All costs of administering the settlement shall by paid from the Settlement Fund, as set forth in the Stipulation.

12. Each class member who did not timely opt out of the Class during the Pre-Settlement Notice Process shall have the right to object to the settlement by filing written objections with the Court not later than thirty (30) days after mailing of the Class Notice, and copies of the objections shall be served on Class Counsel. Failure to timely file and serve written objections will preclude a Class Member from objecting at the Fairness Hearing.

13. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Stipulation.

Dated this 7th day of December, 2017.

_____
DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE