Matthew A. Dooley   (admitted *pro hac vice*)
O'Toole, McLaughlin, Dooley &
Pecora Co., LPA
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208

Ronald W. Ady (3694)
Ronald Ady, PLLC
8 East Broadway, Suite 725
Salt Lake City, Utah 84111
Telephone: (801) 530-3122
Facsimile: (801) 746-3501
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **MELVIN BANKS, on behalf of himself and All Others Similarly Situated**, <br><br> Plaintiff, <br><br> v. <br><br> **CENTRAL REFRIGERATED SERVICES, INC., a Utah Corporation**, <br><br> Defendant. | **PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES, REIMBURSEMENT OF EXPENSES AND SERVICE PAYMENT TO THE NAMED PLAINTIFF** <br><br> Case No. 2:16-cv-00356-DAK <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Paul M. Warner |

Plaintiff, Melvin Banks ("Banks") and the putative class, respectfully moves the Court for an Order awarding attorney fees of thirty three percent (33%) of the Settlement Funds plus out-of-pocket costs incurred to prosecute the Civil Action[1] and a Service Payment to Banks in the amount of fifteen thousand dollars ($15,000.00). A Memorandum in Support is attached hereto and incorporated herein.

---

[1] Capitalized terms shall have the same meaning as defined in the Stipulation of Settlement filed on November 27, 2017 (Doc. 95-1).

O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO., LPA

/s/ Matthew A. Dooley
Matthew A. Dooley (0081482)

Ronald W. Ady (3694)
Ronald Ady, PLLC

*Counsel for Plaintiff and the Putative Class*

## MEMORANDUM IN SUPPORT

Class Counsel request an award of attorney fees as a percentage of the Settlement Funds of 33% of the actual Settlement Funds plus out-of-pocket costs. Because the Settlement Funds total $1,400,000.00, Class Counsel seek an attorney's fee award in the amount $462,000.00. Additionally, Class Counsel seek the reimbursement of all costs and expenses associated with the case and incurred by Class Counsel in the amount of $34,771.06.[2] Last, Class Counsel requests a Service Payment to Banks in the amount of $15,000.00. (Doc. 95-1, ¶ 7.3). The fees requested herein are fair and reasonable when analyzed under the relevant factors.

**A.  A fee award of 33% of the common fund plus costs compares favorably to awards in similar class actions.**

The Supreme Court has consistently calculated attorney fees in common fund cases on a percentage-of-the-fund basis. *See Sprague v. Ticonic Nat'l* Bank, 307 U.S. 161, 165-67 (1939); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478-79 (1980); *Blum v. Stenson,* 465 U.S. 886, 900 n. 16 (1984); *see also Report of the Third Circuit Task Force, Court Awarded Attorney Fees*, 108 F.R.D. 237, 242 (Oct. 8, 1985) (noting that fee awards in common fund cases have historically been computed based on a percentage of the fund). Likewise, the Tenth Circuit has repeatedly

---

[2] Class Counsel seeks an award of attorney's fees and costs totaling $496,771.06, which equals 35.48% of the $1,400,000 settlement fund.

2

recognized a "'preference for the percentage of the fund method' in common fund cases." *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995), *citing Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994).

The percentage of the fund requested in this case is well within the range of contingency percentages between 25% and 40% that have been awarded in class actions. There is no reason to downwardly depart here. "Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." 4 Newberg on Class Actions § 14:6 (4th ed.). *See also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (review of 289 class action settlements demonstrates "average attorney's fees percentage [of] 31.71%" with a median value that "turns out to be one-third"). In an analysis of such historic patterns and guidelines, Reagan W. Silber and Frank E. Goodrich explained:

> Although empirical evidence does not necessarily establish what the court should do in a specific case, it provides benchmark standards for the court to determine the reasonableness of a fee award. Because plaintiffs' attorneys must be able to predict the fee determinations that courts are likely to make years later if they are to undertake lengthy and risky litigation on a contingent fee basis, such benchmarks have particular importance in this area of the law.
>
> National Economic Research Associates, an economics consulting firm, recently conducted an analysis of fee awards in class actions. Using data from 656 shareholder class actions that were settled, dismissed, or resolved by a jury verdict from January 1991 to December 1994, the Dunbar Study found that attorneys' fees in these class actions averaged approximately 32% of the recovery, regardless of the case size. When plaintiffs' judicially approved expenses were added to the fee award, the fees and expenses averaged 34.74% of the created fund.
>
> Furthermore, the Federal Judicial Center Study discussed earlier found that in the four districts studied, most fee awards in common fund class actions were between 20% and 40% of the gross monetary settlement. The survey discovered little variation among the four district courts. Although the four districts were geographically and demographically diverse, each court seemed to award fees within the same narrow range of percentages. Although there are only a few cases involving recoveries as high as $40 million, the case law does not reflect a trend

toward lower percentages in larger cases.

Reagan W. Silber and Frank E. Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545-46 (1998).

This range is also consistent with the fee percentages awarded in other class cases in this Circuit. *See e.g.*, *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849 (10th Cir.1993) *(*approving fee award of 29% of the common fund); *Owner–Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02 CV 950, 2014 WL 3943994, at *2 (D. Utah June 19, 2014) (approving a fee award that represented 33.3% of a settlement fund plus reasonable expenses of $190,164); *Bailes v. Lineage Logistics, LLC*, No. 15-cv-2457, 2017 WL 4758927 (D. Kan. Oct. 20, 2017) (approving fee award of 33% of the common fund in FCRA class action); *Lucken Family Ltd. P'ship, LLP v. Ultra Resources, Inc.*, No. 09-cv-01543, 2010 WL 5387559, *5-6 (D. Colo. Dec. 22, 2010) ("The customary fee award to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.")

    **B.**    **A lodestar cross-check confirms the reasonableness of the requested fee.**

Class Counsel's fees are also reasonable when viewed from a lodestar perspective. To the extent courts consider lodestar in the context of approving fees in common fund settlements, it is generally as a lodestar "cross-check." *See Lucken*, 2010 WL 5387559, at *3. The Tenth Circuit characterizes this as a "hybrid approach" at it still mandates consideration of some factors traditionally used when evaluating a pure lodestar submission. *Gottlieb*, 43 F.3d at 482-83. In the cross-check analysis, the court multiplies the reasonable hours worked by reasonable billing rates to calculate a time-fee value. *Lucken*, 2010 WL 5387559, at *3. The lodestar cross-check does not involve strict rules but rather is a guide in evaluating the reasonableness of a percentage-based fee. *In re Prod. Liab. Litig.*, 760 F. Supp. 2d 640, 659 (E.D. La. 2010). "Where used as a mere cross-

check, the hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (citing *In re Prudential Ins. Co.*, 148 F.3d 283, 342 (3d Cir. 1998)).

To date, Class Counsel have spent over 900 hours litigating this case dating back to 2015.[3] (Declaration of Matthew A. Dooley, at ¶ 3 (attached as Exhibit A). Those hours are divided amongst two partners and their respective associates and paraprofessionals. (*See* Dooley Decl., at ¶ 7). The hourly rates charged by Class Counsel include $450.00 for partners, between $225-$375 for associates, and $200 for paralegals. (*Id.*) These rates reflect Class Counsel's vast experience litigation class actions under the Fair Credit Reporting Act. (*See* Doc. 65-1, Declaration of Matthew A. Dooley in support of class certification).

Indeed, pursuing this case effectively required specialized expertise by Class Counsel. This case posed substantial risks for counsel in terms of real dollars advanced and opportunity costs. (*See* Ex. A, Dooley Decl.). Any firm undertaking an FCRA case must be prepared to make a tremendous investment of time, energy, and financial resources. Due to the contingent nature of this work, attorneys must be prepared to make this investment with the very real possibility of an unsuccessful outcome yielding no recovery or fee award of any kind; especially if the defendant has defenses to the willfulness requirement. These factors, along with Class Counsel's extensive FCRA experience, support the reasonableness of Class Counsel's hourly rates.

Class Counsel's current unadjusted lodestar totals $339,827.56. (*See* Ex. A, Dooley Decl., at ¶ 7). Additionally, Class Counsel expended approximately $34,771.06 in costs associated with

---

[3] It is always difficult to provide a firm estimate of attorney fees and costs in a large class settlement as substantial additional work will continue long after the case is off of the Court's docket.

5

the case. (*Id.* at ¶ 3). Assuming the Court finds both the proposed hourly rate and the amount of hours expended to be reasonable, this lodestar yields a multiplier of 1.36.[4]

Such multipliers are well within the range of fairness and are common. *See e.g., Miniscribe Corp. v. Harris Trust Co. of Cal.,* 309 F.3d 1234, 1245 (10th Cir.2002) (affirming fee award based on a lodestar multiplier of **2.57** in class action); *In re Oppenheimer Champion Income Fund Sec. Fraud Class Action*, No. 09–cv–386–JLK–KMT, slip op. (D. Colo. Sept. 30, 2011) (multiplier of **4.6**); *In re Core Bond Fund*, No. 09–cv–1186–JLK–KMT, slip op. (D. Colo. Sept. 30, 2011) (approving multiplier of **4.2**). Similarly, courts nationwide have – many times over – approved multipliers larger than the one Class Counsel requests here. *See e.g.*, *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2002) (affirming multiplier of **3.65** to compensate class counsel for risk of taking the case); *In re Charter Commc'n, Inc*., Sec. Litig., No. MDL 1506, 4:02- CV-1186 CAS, 2005 WL 4045741, at *1, *18 (E.D. Mo. June 30, 2005) (approving lodestar multiplier of **5.61**); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (awarding lodestar multiplier of **6.96** despite the fact that the parties engaged in mostly informal discovery and took no depositions); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig*., 364 F. Supp. 2d 980, 989 (D. Minn. 2005) (***multiplying lodestar by 4.7*** in a case involving review of documents as well as discovery responses that was resolved without taking any depositions and after only two days of mediation); *In re WorldCom, Inc. Sec. Litig*., 388 F. Supp.2d 319, 353 (S.D.N.Y. 2005) (awarding multiplier of **4**); *In re Interpublic Sec. Litig.,* 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (awarding multiplier of **3.96**). Accordingly, Class Counsel's modest lodestar multiplier confirms that the request fee award is reasonable.

---

[4] $462,000/$339,827.56=1.359. When Class Counsel's requested costs of $34,771.06 are factored in, the lodestar multiplier increases to only 1.46.

## C. The *Johnson* factors weigh in favor of Class Counsel's requested fee award.

"In all cases", the court must consider the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 485 F.2d 714 (5th Cir. 1974), when determining the reasonable of the requested award of attorney's fees. *Rosenbaum*, 64 F.3d at 1445 (quoting *Gottlieb*, 43 F.3d at 483). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill required to perform legal service properly; (4) the preclusion of other employment by the attorneys due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

These factors serve as guideposts rather than requirements. *Bailes*, 2017 WL 4758927, at *4. "Rarely are all the *Johnson* factors applicable; this is particularly so in a common fund situation." *Id.* (quoting *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988)). Here, factors (7) and (9) are inapplicable. The remaining factors support Class Counsel's requested award of 33% plus costs.

### 1. *The amount involved and the results obtained (Factor 8):*

The amount involved and the results obtained is a "decisive factor in [a] common fund case." *Id.* (citing *Brown*, 838 F.2d at 456); *see also Anderson v. Merit Energy Co.*, No. 07-cv-00916, 2009 WL 3378526, at *3 (D. Colo. Oct. 20, 2009) ("in a common fund analysis, 'monetary results achieved predominate over other criteria'") (quoting *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)). Here, there is no doubt that Class Counsel has achieved a stellar result for the Class. The settlement provides for a common fund of $1,400,000.

7

From this common fund, class members will receive a gross sum of approximately $1,105.00.[5] After deducting the requested attorney's fee award, service award, and costs of settlement administration, class members will net an amount close to the statutory maximum.[6] Because of the exceptional results obtained, this *Johnson* factor weighs in favor of Class Counsel's requested fee award. *Compare Bailes*, 2017 WL 4758927 (Approving 33% award where class members recovered $26.77 in FCRA class action).

### *The time and labor required (Factor 1):*

The time-and-labor factor carries less weight in common fund cases but can enhance the trial court's ability to properly evaluate the requested fee. *Id.* (citing *Brown*, 838 F.2d at 456 n. 3). As noted above, Class Counsel expended over 900 hours over a (now) four-year period. These tasks included a contested transfer from the Northern District of Indiana, voluminous discovery, extensive motion practice and successful certification of the Class, and preparing for and participating in an ultimately successful mediation. Class Counsel's lodestar multiplier, which is less than 1.5, confirms that the requested fee award is reasonable given the time and labor required in this litigation.

### *The novelty and difficulty of the issues presented & the undesirability of the case (Factors 2 and 10):*

FCRA claims involve complex mixed questions of law and fact particularly related to achieving class certification and confronting the issue of willfulness. To Class Counsel's knowledge, they are the first to successfully achieve contested class certification under 15 U.S.C. § 1681b(b)(3)(B). Class Counsel also defended Central's unique defenses under 15 U.S.C. §

---

[5] The FCRA provides for a statutory damages recovery between $100 and $1,000 for willful violations of the Act. 15 U.S.C. § 1681n(a).

[6] ($1,400,000 − ($496,771.06+$20,287+$15,000))/1251=$693.80.

1681a(y). These difficult issues, combined with the extensive time Class Counsel required to successfully litigate this case, weighs in favor of the requested fee.

Moreover, as the *Bailes* court acknowledged, "FCRA cases lack a substantial body of case law, many of the available decisions conflict with one another, and the Supreme Court's decision in *Spokeo* [*v. Robins*, 136 S. Ct. 1540 (2016)] has greatly increased the risk of cases being dismissed and has increased litigation costs and resources needed to litigation a FCRA case." 2017 WL 4758927, at *6. Because of these risks, the tenth *Johnson* factor validates the reasonableness of Plaintiff's requested fee award. *Id.*

### *Class Counsel's skill and experience (Factors 3 and 9):*

As established earlier, Class Counsel have vast experience litigating class actions under the FCRA. (*See* Declaration of Matthew A. Dooley, Doc. 65-1, *supra*). Class Counsel have successfully litigated and settled FCRA class actions for almost ten years and have been recognized repeatedly by courts across the country as suitable class counsel. (*Id.*) Class Counsel's skill and experience contributed greatly to their ability to achieve the superb result in this case. *Tuten*, 41 F. Supp. 3d at 1008 (noting that Class Counsel's "specialized knowledge and experience…facilitated and promoted the settlement of this action.") (citing *Anderson*, 2009 WL 3378526, at *3 (a large attorneys' fee award is reasonable where "Class Counsel's knowledge and experience…significantly contributed to a fair and reasonable settlement.") Accordingly, these factors weigh in favor of Plaintiff's requested fee award. *Bailes*, 2017 WL 4758927, at *6 ("Counsels' experience and ability, especially in the realm of FCRA and employment class actions, weighs in favor of finding plaintiff's fee request [of 33%] reasonable.")

***Class Counsel took this case on a contingent basis to the preclusion of other employment (Factors 4 and 6):***

Class Counsel undertook this litigation on a contingent basis, which permits a higher recovery to compensate for the risk of recovery nothing for their work. *Tuten*, 41 F. Supp. 3d at 1009 (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)). Indeed, Class Counsel incurred tens of thousands of expenses and spent years litigating this case with no guarantee of any recovery. As a result, Class Counsel was precluded from devoting a substantial portion of its time to other legal work that provided guaranteed compensation. *Id.* (noting that Class Counsel's extensive work on the class litigation prevented them from working on other matters). Accordingly, these *Johnson* factors support Plaintiff's requested fee award.

***The customary fee and awards in similar cases (Factors 5 and 12):***

The fifth *Johnson* factor considers the customary fee for similar work in the community. "In class actions such as this one, the customary fee is a contingency arrangement based on a percentage of the common fund." *Bailes*, 2017 WL 4758927, at *5 (citing *Ramah Navajo Chapter v. Babbitt*, 50 F. Supp. 2d 1091, 1104 (D.N.M. 1999)). As previously established, Class Counsel's requested fee award of 33% plus out-of-pocket expenses is consistent with similar class action work within this district and Circuit. (*See* Section A, *supra*) (citing *e.g.*, *Owner–Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02 CV 950, 2014 WL 3943994, at *2 (D. Utah June 19, 2014) (approving a fee award that represented 33.3% of a settlement fund plus reasonable expenses of $190,164); *see also Bailes*, 2017 WL 4758927, at *5 (recognizing that 33% is customary for a common fund class action). Likewise, given the strong recovery obtained by Class Counsel on behalf of the class, the requested fee award of 33% plus expenses is consistent with the fees awarded in similar class actions. (*See e.g.* Section A, *supra*). Accordingly, these factors—

and all the relevant *Johnson* factors—confirm that Plaintiff's requested award of attorney's fees and costs is reasonable and should be approved by the Court.

### C.  The requested Service Payment is fair and reasonable.

Generally, it is within the Court's discretion to grant or deny a Service Payment. *See Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1010 (D. Colo. 2014). The Parties agreed that Banks could seek a Service Payment of $15,000.00 from the common fund for his service as the named class representative. (Doc. 95-1, ¶ 7.3). Not concerned with personal gain, Banks participated in the drafting of the pleadings and actively assisted Class Counsel in prosecuting the case and drafting and answering discovery. Mr. Banks also appeared for a day-long deposition that required him to travel out of the state and stay overnight. He was also in constant communication with Class Counsel about the status of the litigation. Indeed, by lending his name to this lawsuit, Mr. Banks has been exposed to "a demonstrable risk of employer retaliation" or future employability impairment warranting a service award. *Tuten*, 41 F. Supp. 3d at 1010 (approving service award of $15,000.00 to the class representative); *Koehler v. Freightquote.com, Inc.*, No. 12-cv-2505, 2016 WL 3743098, at *3 (D. Kan. July 13, 2016) (Court approved service awards of $5,000 and $10,000 totaling $30,000).

**WHEREFORE**, Plaintiff, Melvin Banks, respectfully requests that the Court enter an order awarding Class Counsel $462,000.00 in attorney fees, $34,771.06 in costs, and a Service Payment to Banks in the amount of $15,000.00.

    Respectfully submitted,

    O'TOOLE, McLAUGHLIN, DOOLEY &
    PECORA CO., LPA

    /s/ Matthew A. Dooley
    Matthew A. Dooley    (0081482)

Ronald W. Ady (3694)
Ronald Ady, PLLC

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by regular U.S. mail and/or operation of the Court's electronic filing system.

/s/ Matthew A. Dooley
Matthew A. Dooley

Ronald W. Ady (3694)
Ronald Ady, PLLC
*Counsel for Melvin Banks and the putative class*